■ Howard J. Williams et al., Respondents, v Osvaldo Panetta, Appellant, et al., Defendants.—In an action *inter alia* to compel the defendant Osvaldo Panetta to construct a new sewer line within the easement contained in a certain recorded deed, the said defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County, dated October 20, 1976, as, after a nonjury trial, directed him to construct, at his own expense, a new and properly graded sewer line, in accordance with appropriate health and building department requirements, within the easement contained in the deed, and to restore the surface of the ground to substantially the same condition as it now exists. Judgment affirmed insofar as appealed from, with costs. When the plaintiffs-respondents purchased their property, they were not under a duty to ascertain whether their sewer line actually ran within the confines of the easement, as it traversed the properties of the defendants. Accordingly, since appellant was responsible for constructing the sewer line outside of the easement, he should bear the expense of relaying it so as to coincide with the said easement. It is irrelevant that the easement across appellant's parcel was recorded after the line was placed. It was clearly an inadvertence on appellant's part that the easement was not made to coincide with the actual course of the sewer. In view of this, plaintiffs should not be made to suffer a loss of a valuable property right. Martuscello, J. P., Cohalan, Damiani and Titone, JJ., concur.

■ York Concrete Corp., Respondent, v Northwood Projects, Inc., et al., Defendants, and St. Paul Fire & Marine Insurance Company, Appellant.—In an action by a subcontractor to recover the balance due under a certain contract and to enforce the terms of a payment and performance bond, the surety appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Suffolk County, entered September 24, 1976, as, after a nonjury trial, is in favor of plaintiff-respondent and against it. Judgment affirmed insofar as appealed from, with costs. The key provision in the bond is the requirement that no action may be brought "[a]fter the expiration of one (1) year following the date on which the F.H.A. Chief Underwriter signs the final project inspection report". The sole testimony adduced at the trial on this point was that of an officer of the corporate owner of the project. He testified to the effect that no such final report had been signed. In an appropriate exercise of the trial court's discretion, appellant was granted two continuances to permit it to produce a witness or documents to rebut this testimony, but it failed to do so. Under these circumstances, the judgment was based upon the evidence adduced and must be affirmed. We have examined appellant's remaining contentions and find them to be without merit. Cohalan, J. P., Damiani, Rabin and Titone, JJ., concur.